IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KYLE BUTLER RASHLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BENEFITS NOW, LLC<br><br>Defendant. | CASE NO.<br>2:25-CV-10398-TGB-DRG<br><br>**JURY TRIAL DEMANDED** |

**MOTION TO COMMENCE DISCOVERY TO OBTAIN**
**RECORDS THAT IDENTIFY PUTATIVE CLASS MEMBERS**

The Plaintiff has brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. (Compl. ¶ 1); *Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012). The lawsuit alleges that Benefits Now, LLC ("Benefits Now"), commissioned illegal calls to Plaintiff and other putative class members without their consent. Benefits Now nevertheless has failed to respond to, plead, or otherwise defend this complaint. Accordingly, its default was entered. Plaintiff therefore moves this Honorable Court for an order permitting him to commence discovery so that he may seek class certification and ultimately a potential classwide judgment, in accordance with this Court's order directing him to outline a memorandum for not seeking default judgment. (ECF 9).

**LAW AND ARGUMENT**

The Plaintiff is unable to move for a default judgment, as ordered by the Court, at this time as to the classwide claims because the Plaintiff has not yet obtained classwide calling records to ascertain the members of the putative class and has not moved for class certification

under Rule 23, or given appropriate notice to the class under Rule 23(c)(2), both of which are prerequisites to seeking a classwide default judgment. *Heinz v. Dubell Lumber Co.*, No. 19cv8778, 2020 WL 6938351, at *8 (D.N.J. Nov. 25, 2020) (certifying default judgment class but denying default judgment because "Plaintiff has not sent notice to the proposed class members, and therefore by entering a default judgment, this Court would be binding persons whose rights are at issue without first giving them proper notice"); *Deluca v. Instadose Pharma Corp.*, No. 2:21-CV-675, 2023 WL 5489032, at *9 (E.D. Va. Aug. 24, 2023) ("Courts have broadly held that default judgment cannot be entered in a class action until a Rule 23(c)(2) notice is issued.").

A plaintiff asserting a class action where the defendant has not appeared and is in default, broadly speaking, has two options: either voluntarily dismiss the putative class claims without prejudice and seek an individual default judgment, or seek and obtain class certification and obtain a classwide default judgment upon giving proper notice to the certified class. *See Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003). Class damages, even on a default judgment, cannot be awarded if no class is certified, because it is axiomatic that classwide relief "cannot be granted to a class before an order has been entered determining that class treatment is proper." *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974).

Here, Defendant has used third-party companies and telephone providers, including the telephone company Twilio, to direct callers to call (877) 554-3845 and using that number to send the calls at issue. Therefore, classwide calling records identifying who was called, and how many times, classwide text messaging records, as well as potential recordings of some or all of the calls may be within the possession of these third-party service providers. In addition, these providers may have ancillary records identifying, for example, information for the individuals called,

whether other putative class members were called as part of a specific calling campaign, like Plaintiff, or alternatively, whether the calls were manually dialed, such as in response to a customer inquiry. Through these records, the Plaintiff may be able to ascertain the class, seek class certification, provide class notice and ultimately seek a classwide judgment as opposed to an individual default judgment, potentially the only avenue available to him now. Moreover, the records will allow this Court and counsel to better analyze the scope of the calling conduct at issue here, together with the evidence available to determine whether seeking class certification is feasible or warranted, consistent with Rule 11's mandate.

One of the only meaningful ways to identify putative class members in TCPA cases where the defendants are in default and whether they have claims for violations thereunder is through calling records. Because the Defendant is in default, the Plaintiff has not been able to commence discovery because the Plaintiff has not yet had a 26(f) conference. However, a party may seek discovery prior to this stage when authorized to do so by court order. FED. R. CIV. P. 26(d)(1). And, because this matter is proceeding as a class action, there is no other way to ascertain calling records, and thus potential class membership, absent discovery from these third parties identifying calling records. Therefore, the Plaintiff requests an Order from this Court where he will be permitted commence discovery in the normal course, including for discovery could identify putative class members. Without such an order, this pertinent information may never be obtained or become destroyed and a class may never be certified because the class has not yet been able to be ascertained without the benefit of discovery.

Other courts have authorized classwide discovery for calling records under substantially similar circumstances. For instance, the District of Maryland recently authorized classwide discovery in the face of a default in order to allow the Plaintiff to obtain call records and seek

Motion to Commence Discovery 3

class certification in another TCPA case similar to the one here. Court stated, "In circumstances such as those present here, where a plaintiff has filed a motion for a default judgment, but discovery is necessary to resolve issues such as class certification and damages, courts routinely permit the plaintiff to conduct limited discovery." *Cleveland v. Nextmarvel, Inc.*, No. CV TDC-23-1918, 2024 WL 198212, at *4 (D. Md. Kyle Butler. 18, 2024). The *Cleveland* court cited to numerous other decisions where Courts have held that discovery on class certification and damages could proceed against a defendant in a TCPA case against whom a default had been entered. *See, e.g.*, *Ulery v. GQ Sols., LLC*, No. 22-CV-01581-PAB, 2022 WL 17484665, at * 1-2 (D. Colo. Dec. 7, 2022) (holding in a TCPA case that discovery on class certification and damages could proceed against a defendant against whom a default had been entered); *Leo v. Classmoney.net*, No. 18-CV-80813. 2019 WL 238548, at *2 (S.D. Fla. Kyle Butler. 10, 2019) (same); *Cranor v. Skyline Metrics, LLC*, No. 4:18-CV-00621-DGK, 2018 WL 11437828. at *1-2 (W.D. Mo. Dec. 14, 2018) (same).

Even if the Plaintiff ultimately elects not to pursue class certification and instead seeks to pursue an individual default judgment, the discovery he obtains will still be useful to proving the Plaintiff's claims at the default judgment stage. Courts have also permitted similar discovery in proving plaintiffs' individual claims at the default judgment stage as well. For example, in *Richardson v. Virtuoso Sourcing Grp., L.L.C.*, No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015), the Court granted leave to serve a subpoena on the plaintiff's telephone provider in order to ascertain the "'precise number of illegal robo calls that Plaintiff received from Defendant' in order to factually substantiate her allegations when she moves for entry of final default judgment against Defendant." What's more, Courts have relied on third party discovery of the type sought here in holding that such information was important in

determining whether to grant class certification. *See, e.g.*, *Eder v. Aspen Home Improvements Inc.*, No. 8:20-CV-1306-JSS. 2020 WL 6870851 at *2 (M.D. Fla. Oct. 2, 2020). In allowing for discovery, the aforementioned Courts have stated that it would be unjust to permit a defendant's failure to participate in the case to prevent a plaintiff from establishing the elements of class certification. *See id.*

Other courts have also authorized similar discovery in TCPA cases when the defendants *have appeared* and done so without briefing from the defendants, entering an Order shortly after the motion was filed, recognizing the importance of issuing such discovery on third party telecommunications providers, who typically keep calling records on a temporary basis. *See Cooley v. First Data Merchant Services, LLC et. al.*, Civil Action No. 19-cv-1185, ECF No. 32 (N.D. Ga. July 8, 2019); *Mey v. Interstate National Dealer Services, Inc., et al.*, Civil Action No 14-cv-01846, ECF. No. 23 (N.D. Ga. August 19, 2014); *Abante Rooter and Plumbing, Inc. v. Birch Communications, Inc.* Civil Action No. 15-cv-03562, Dkt. No. 32 (N.D. Ga. 2016). In fact, in the *Abante*, *Mey* and *Cooley* cases, a defendant had filed a motion to dismiss when the Order was entered, but the respective courts permitted discovery to proceed anyway, particularly because of the ethereal nature of calling records here.

The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (holding that four-year statute of limitations applies to private TCPA claims in federal court). Accordingly, the Plaintiff should be permitted to obtain at least 4 years' worth of calling records and other similar documentation from the

Defendant's telephone providers in an attempt to ascertain the class, move for class certification, and ultimately attempt to secure a classwide default judgment. If the Plaintiff is not permitted to obtain such records, it is unlikely that a class could ever be certified. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where Plaintiff were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

As a result, putative class plaintiffs in TCPA cases where the defendants have appeared, often file similar, opposed motions to ensure that early discovery into records in the possession of telecommunications companies occurs posthaste, and such requests are routinely granted, even when opposed. *See, e.g.*, *Fitzhenry v. Career Education Corporation, et al.*, N.D. Ill., Civil Action No. 14-cv-10172, ECF No. 101 ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services."); *Dickson v. Direct Energy, Inc., et. al.,* Civil Action No. 5:18-cv-00182-GJL (N.D. Ohio Order Entered May 21, 2018) (requiring the Defendant to obtain calling records from their vendor).

And, as outlined above, the requested relief is particularly necessary as the Defendant has been served with the lawsuit, but has given no indication on the docket that it intends to participate. Accordingly, the only way to obtain relief for the class is through third-party production of class calling records, seeking class certification, and obtaining a classwide default

judgment, or alternatively, and individual default judgment. As the Defendant has not appeared and the commencement of discovery is uncertain, Plaintiff has no choice but to seek this relief. Otherwise, Plaintiff will be hamstrung in his efforts to identify and preserve vital evidence, which may be destroyed.

WHEREFORE, the Plaintiff requests an Order from this Court where he will be permitted to commence discovery in the normal course in this matter, including through serving discovery on any third-party individual or entity that may have information that could identify putative class members, for the ultimate purpose of seeking class certification and/or a classwide or individual default judgment.

RESPECTFULLY SUBMITTED AND DATED this July 25, 2025.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## **CERTIFICATE OF SERVICE**

      I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

Benefits Now, LLC
8 Morgan Drive
Sinking Spring, PA 19608

Dated: July 25, 2025

                                                                 */s/ Andrew Roman Perrong*
                                                                 Andrew Roman Perrong, Esq.
                                                                 Perrong Law LLC
                                                                 2657 Mount Carmel Avenue
                                                                 Glenside, Pennsylvania 19038
                                                                 Phone: 215-225-5529 (CALL-LAW)
                                                                 Facsimile: 888-329-0305
                                                                 a@perronglaw.com