UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KYLE BUTLER RASHLEY**, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>**BENEFITS NOW, LLC**,<br><br>　　　　　Defendant. | **2:25-CV-10398-TGB-DRG**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO CONDUCT CLASS CERTIFICATION DISCOVERY**<br>**(ECF NO. 10)** |

　　　Plaintiff Kyle Butler Rashley has filed a putative class action against Defendant Benefits Now, LLC, in which he alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Complaint, ECF No. 1. After Defendant failed to appear or defend against the allegations, Rashley filed a Motion for Clerk's Entry of Default, ECF No. 7, which was granted on April 24, 2025. ECF No. 8. Rashley has now filed a Motion for Leave to Conduct Class Certification Discovery (styled as a "Motion to Commence Discovery"). ECF No. 10. For the reasons set forth below, the Motion will be **GRANTED**.

## I. BACKGROUND

　　　On February 10, 2025, Rashley filed a class action Complaint against Benefits Now, LLC, alleging violations of the TCPA on behalf of Rashley and "the National Do Not Call Registry Class." ECF No. 1,

1

PageID.7. Specifically, Rashley alleges violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), which prohibits telephone solicitations to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry," 47 C.F.R. § 64.1200(c)(2). ECF No. 1, PageID.7. Rashley alleges that "Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made." *Id.*

> Rashley has proposed a class of:
>
> All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

*Id.* at PageID.5.

Defendant was properly served on February 14, 2025. ECF No. 4. On April 24, 2025, the Clerk of Court entered default against Benefits Now, LLC. ECF No. 8. On June 30, 2025, the Court directed Rashley to "file a memorandum setting forth the reasons for not [yet having sought default judgment] or a motion for default judgment." ECF No. 9. On July 25, 2025, Rashley "move[d] this Honorable Court for an order permitting him to commence discovery so that he may seek class

2

certification and ultimately a potential classwide judgment." ECF No. 10.

## II. DISCUSSION

Under Fed. R. Civ. P. 26, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules … or by court order." Fed. R. Civ. P. 26(d)(1). Federal district courts have broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999).

Recognizing that there has not been a Rule 26(f) conference, Rashley moves for a court order under Rule 26(d)(1) authorizing him to seek discovery. ECF No. 10. Specifically, Rashley posits that third-party service providers "may be within the possession of"

> classwide calling records identifying who was called, and how many times, classwide text messaging records, as well as potential recordings of some or all of the calls … [and] ancillary records identifying, for example, information for the individuals called, whether other putative class members were called as part of a specific calling campaign, like Plaintiff, or alternatively, whether the calls were manually dialed, such as in response to a customer inquiry.

*Id.* at PageID.28–29. In support of his request, Rashley reasons that he

> is unable to move for a default judgment … at this time as to the classwide claims because the Plaintiff has not yet obtained classwide calling records to ascertain the members of the putative class and has not moved for class certification under Rule 23, or given appropriate notice to the class under

3

> Rule 23(c)(2), both of which are prerequisites to seeking a classwide default judgment.

*Id.* at PageID.28.

Indeed, a plaintiff seeking to certify a class must meet the requirements of Fed. R. Civ. P. 23 even when default has been entered against the defendant. *See Trull v. Plaza Assocs.*, No. 97-0704, 1998 WL 578173, at *1 (N.D. Ill. Sept. 3, 1998) ("default judgment does not change the fundamental analysis this court must undertake in deciding whether to certify a class"); *accord Leider v. Ralfe*, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *adopted in part*, 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003); *Ulery v. GQ Sols., LLC*, No. 22-01581, 2022 WL 17484665, at *1 (D. Colo. Dec. 7, 2022).

Accordingly, when a default has been entered against a defendant, but discovery is necessary to resolve issues surrounding class certification, "courts routinely permit the plaintiff to conduct limited discovery." *Cleveland v. Nextmarvel, Inc.*, No. 23-1918, 2024 WL 198212, at *4 (D. Md. Jan. 18, 2024) (collecting cases). Courts have frequently granted such discovery in TCPA cases. *See, e.g., id.* (granting plaintiff's request to conduct limited class certification discovery in a TCPA case in which a default had been entered against the defendant); *Ulery*, 2022 WL 17484665, at *1 (same); *Leo v. Classmoney.net*, No. 18-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019) (same); *Cranor v. Skyline Metrics, LLC*, No. 18-00621, 2018 WL 11437828, at *1 (W.D.

4

Mo. Dec. 14, 2018) (same); *Eder v. Aspen Home Improvements Inc.*, No. 20-1306, 2020 WL 6870851, at *2 (M.D. Fla. Oct. 2, 2020) (same). In *Leo,* the district court explained that "[i]t would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery, due to [defendant's] failure to participate in this case." *Leo*, 2019 WL 238548, at *2. However, when granting leave to conduct such discovery, courts have underlined that such discovery should be "limited … to determine whether class certification is proper and to evaluate the extent of the damages." *Cranor*, 2018 WL 11437828, at *1

The Court agrees with the reasoning of these courts. Therefore, the Court **GRANTS** leave to conduct *limited* class certification discovery as requested. Should any relevant third parties object to Plaintiff's discovery requests, the Court will then address the issue of the requests' scope and propriety.

Additionally, Plaintiff is **DIRECTED** to file a proposed scheduling order within 7 days of the date of this Order allowing for a discovery period not to exceed 120 days and setting dispositive motion dates within 30 days of the close of discovery.

SO ORDERED.

Dated: October 9, 2025          s/Terrence Berg
                                HON. TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE

5